IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RECO L. RIVERS,

   Petitioner,

   v.

ROBERT L. GREEN,
DIRECTOR M.C.C.F.

   Respondents.

Civil Action No.: PWG-19-682

**MEMORANDUM OPINION**

In response to this Petition for Writ of Habeas Corpus, Respondents assert that the petition is subject to dismissal because it raises procedurally defaulted claims which are otherwise without merit. ECF No. 16 (Answer). Petitioner Reco L. Rivers Ronald has not filed a reply. No hearing is necessary to determine matters pending before the Court. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2021); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons that follow, the Petition shall be denied and a certificate of appealability shall not issue.

**BACKGROUND**

Mr. Rivers was convicted on one count of conspiracy to distribute a controlled dangerous substance, two counts of distribution of a controlled dangerous substance, and one count of a fourth-degree sexual offense in connection with an incident occurring in Montgomery County on July 22, 2014. The Court of Special Appeals summarized the underlying facts of the crime and procedural background of the case as follows:

Appellants lived together in an apartment in Montgomery County with their five children. On July 22, 2014, Appellants invited two sixteen-year-old young women to their apartment to babysit their children. At trial, the young women testified that when they arrived at the apartment, Appellants gave them amphetamines and performed sexual acts in their presence. One of the young women asserted that Rivers kissed her on the cheek and placed her hand on his penis.

On September 18, 2014, a Montgomery County grand jury in Criminal Case No. 125814 indicted Cavin and Rivers on two counts each of distribution of a controlled dangerous substance, and one count each of conspiracy to distribute a controlled dangerous substance. Rivers was also indicted on one count of fourth-degree sex offense and theft of less than $1,000.00 in value for stealing one of the young women's iPhones. Cavin was indicted on two counts of first-degree assault.[2][ ]

In October, counsel for Rivers and counsel for Cavin filed independent motions to sever. The motion filed on October 21 by Cavin's attorney requested that the case be severed into two different trials—the first to include counts one, two, and three and the second to include counts six and seven.[ ] Cavin averred, *inter alia*, that a single trial would require that the State present evidence about one count that would be inadmissible as to another count and that such a course would substantially prejudice her defense. The October 31 motion filed by Rivers's counsel requested that the case be severed into four different trials—the first would include counts one, two, and three; the second would only include count four; the third would only include count five; and the fourth would include counts six and seven. Rivers's motion specifically requested that he be tried separately from Cavin. In support of his motion, Rivers argued, *inter alia*, that "[e]vidence of the charges in counts ONE, TWO, and THREE, count FOUR, count FIVE, and counts SIX and SEVEN is not mutually admissible."

At the February 13, 2015 pre-trial motions hearing, Appellants learned of their attorneys' joint request to postpone the trial.[5] Concerned about the continuing effects of their prosecution on their family, Appellants expressed their request to have their trial go forward on the original date, and notified the court of their desire to discharge counsel and proceed *pro se*. After engaging in an extensive examination of Rivers and Cavin individually regarding their intention to discharge counsel, the court resolved that Appellants made a knowing and voluntary waiver and allowed them to discharge their attorneys.

Although Appellants' attorneys filed motions to sever offenses and defendants, during a February 20 hearing on the motions to sever, Appellants, *pro se*, indicated their opposition to the motions and their wish to be tried together. The court acceded to Appellants' request to be tried together, but granted the motion to sever counts 1 through 4 from counts 6 and 7, and from count 5. The Court ordered the Appellants be tried together on Counts 1 through 4 on the trial date already scheduled for the following Monday on February 23. Throughout this hearing, as well as in other pre-trial proceedings, the court advised Appellants of their right to counsel and the

2

benefits of proceeding with counsel in their case. The court went so far as to warn Appellants that because of the seriousness of the charges, "it just seems that you're really hurting yoursel[ves]." Nonetheless, Appellants reiterated their desire to proceed *pro se*.

Appellants had separate pretrial hearings on February 23, 2014. Their joint trial began that same day. On February 25, 2015, the jury found Rivers guilty of two counts of distribution of a controlled dangerous substance, one count of conspiracy to distribute a controlled dangerous substance, and one count of a fourth-degree sex offense. The court sentenced Rivers to five years of incarceration for each of the two counts of CDS distribution, five years for conspiracy to distribute CDS, and one year for fourth-degree sexual offense—all to be served concurrently, with all but three years of incarceration suspended.

---

[2]More specifically, *count one* charged both Appellants of distributing amphetamine to one of the young women; *count two* charged both Appellants of distributing amphetamine to the second young woman; *count three* charged both Appellants of conspiring to distribute amphetamine; *count four* charged Rivers of committing a fourth degree sexual offense against the first young woman; *count five* charged Rivers of the theft of the first young woman's iPhone; *count six* charged Cavin of first-degree assault against the first young lady, and; *count seven* charged Cavin of first-degree assault against the second young lady.

[5]Rivers's counsel requested a continuance because he had another trial scheduled for the same date, and counsel for both Appellants requested more time to review recent discovery provided by the State to further prepare their motions and for trial.

ECF No. 16-1 at 121-124.[1]

On direct appeal, assisted by counsel, Mr. Rivers raised three grounds for relief, one of which, regarding a motion for new trial, he withdrew (ECF No. 16-1 at 69-70, 117 n 1). The two grounds he pressed on appeal were:

> 1. Did the trial court err in discharging appellant's counsel without complying with Maryland Rule 4-215 and obtaining a knowing and voluntary waiver?
>
> 2. Did the circuit court err in granting the motion to sever filed by appellant's previous counsel after appellant discharged his counsel and sought to withdraw the motion?

---

[1]     Page citations refer to the page numbers assigned by the Court's electronic docketing system.

ECF No. 16-1 at 120. The Court of Special Appeals rejected the claims and affirmed the judgment. *Rivers v. State*, 2016 WL 3976499. ECF No. 16-1 at 119-56.

Mr. Rivers's self-represented petition for writ of certiorari, timely filed in the Maryland Court of Appeals, raised four claims: (1) Whether the Court of Special Appeals should have reinstated his argument regarding the new trial motion after it was withdrawn by counsel on appeal (ECF No. 16-1 at 164); (2) Whether the trial court abused its discretion in determining Rivers did not have a meritorious reason for discharging trial counsel and was therefore not entitled to a substitute attorney (*id*.); (3) Whether the record established that Rivers received a copy of the indictment (*id*.); and (4) Whether the trial court's decision to sever a subset of the counts prejudiced Rivers's right to a fair trial (*id*. at 165). The court denied certiorari review. *Id*. at 189; *Rivers v. State*, 450 Md. 441 (2019) (Table).

Mr. Rivers filed a Petition for Post-Conviction Relief under Maryland's Post-Conviction Procedure Act. ECF No. 16-1 at 20. A hearing was held on January 12, 2018. At that time Rivers's claims were reduced to the three claims alleged in a supplemental petition filed by counsel. ECF No. 16-13; ECF No. 36-3 at 2, fn 1.

Specifically, Mr. Rivers claimed that trial counsel was ineffective for failing to insure that he "was correctly advised of the charges against him and the potential penalties making his waiver of counsel unknowing and involuntary." ECF No. 36-2 at 9. In support of this allegation Rivers argued that counsel failed to correct the trial court's mistaken advisement that he faced up to 20 years' incarceration for each of the distribution of amphetamine charges, when, because the charges concerned the distribution of Adderall, which was not classified as a narcotic, he actually only faced 5 years' incarceration for each count. *Id*. Rivers also alleged that trial counsel did not advise him that conviction of a fourth-degree sex offense would require him to register as a sex

offender. *Id*. Next Rivers claimed that his appellate counsel was infective in failing to raise the incorrect advisement in challenging the trial court's compliance with Maryland Rule 4-215 (concerning the knowing and voluntary waiver of counsel). ECF No. 36-2 at 18. Lastly, Rivers alleged that appellate counsel was ineffective for failing to raise a preserved issue regarding the admission of "other crimes" evidence at trial. *Id*. at 19. After a hearing, Rivers's post-conviction petition was denied on April 16, 2018. ECF 36-31.

Rivers, through counsel, filed an application for leave to appeal the denial of post-conviction relief raising only one issue: that trial counsel was constitutionally ineffective before being discharged in failing to advise Rivers that a conviction of a fourth degree sex offense would require his registration as a sex offender. ECF No. 16-1 at 191-92. Subsequently Rivers filed a pro se motion to supplement the application for leave to appeal seeking to add claims regarding the alleged ineffective of his post-conviction counsel as well as errors regarding the post-conviction court's handling of the proceedings. ECF No. 16-1 at 199-204. The application for leave to appeal as supplemented was summarily denied by the Court of Special Appeals on October 10, 2019. *Rivers v. State*, ALA No. 18-627 slip op at 1. (Md. Ct. Spec. App. Oct. 10, 2019) (unreported); ECF No. 16-1 at 205-06.

While River's state post-conviction proceedings were pending, he was released from confinement onto supervised probation. However, on October 15, 2018, the Division of Parole and Probation lodged a probation violation complaint against him. ECF No. 16-1 at 32. A hearing was held on February 14, 2019. ECF No. 16-1 at 35; ECF No. 16-14. Rivers was accused of failing to report to his probation agent, failing to live at the address he provided for the sex-offender registry, failing to engage in required mental-health treatment, and failing to verify his employment. ECF No. 16-14 at 9-10. The court found Rivers had violated his probation and

sentenced him to six months incarceration in a county facility, followed by three years' supervised probation. ECF No. 16-1 at 36.

Rivers filed a notice of appeal as well as numerous motions regarding his probation violation including application for review of sentence, for new hearing, for reconsideration, to correct an illegal sentence, all of which were denied. ECF No. 16- 1 at 36-39; *see also* Md. Judiciary Case Search.[2] He also filed an unauthorized second post-conviction petition. ECF No. 16-1 at 39.

Mr. Rivers's petition was filed in this Court on March 4, 2019 and is timely. ECF No. 1. The claims asserted by Mr. Rivers are set forth below.

### STANDARD OF REVIEW

An application for writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). The federal habeas statute at 28 U.S.C. § 2254 sets forth a "highly deferential standard for evaluating state-court rulings" *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *see also Bell v. Cone*, 543 U.S. 447 (2005). The standard is "difficult to meet," and requires courts to give state-court decisions the benefit of the doubt. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks and citations omitted); *see also White v Woodall,* 572 U.S.415, 419-20 (2014), quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011) (state prisoner must show state court ruling on claim presented in federal court was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement.").

---

[2] https://casesearch.courts.state.md.us/casesearch/ (last visited Jan. 10, 2022) (Court of Special Appeals mandate issued on July 15, 2020).

Additionally, the Maryland Judiciary Case Search reflects that on November 24, 2021, a second warrant for violation of probation was issued. The warrant was served on December 6, 2021 and Rivers posted an unsecured personal bond that same day.

A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits: 1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States"; or 2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A state adjudication is contrary to clearly established federal law under § 2254(d)(1) where the state court 1) "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or 2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]."  *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Under the "unreasonable application" analysis under 2254(d)(1), a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  Thus, "an unreasonable application of federal law is different from an incorrect application of federal law."  *Id*. at 785 (internal quotation marks omitted).

Further, under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."  *Wood v. Allen*, 558 U.S. 290, 301 (2010).  "[E]ven if reasonable minds reviewing the record might disagree about the finding in question," a federal habeas court may not conclude that the state court decision was based on an unreasonable determination of the facts.  *Id.*  "[A] federal habeas court may not issue the writ simply because [it] concludes in its independent judgment that the relevant state-court decision applied established federal law erroneously or incorrectly.*"  Renico v. Lett,* 559 U.S 766, 773 (2010).

The habeas statute provides that "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "Where the state court conducted an evidentiary hearing and explained its reasoning with some care, it should be particularly difficult to establish clear and convincing evidence of error on the state court's part." *Sharpe v. Bell*, 593 F.3d 372, 378 (4th Cir. 2010). This is especially true where state courts have "resolved issues like witness credibility, which are 'factual determinations' for purposes of Section 2254(e)(1)." *Id.* at 379.

Where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether it be by failing to raise the claim in post-conviction proceedings or on direct appeal, or by failing to timely note an appeal, the procedural default doctrine applies. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U.S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41, 46 (1972) (failure to raise claim during post-conviction); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief). A procedural default also may occur where a state court declines "to consider the merits [of a claim] on the basis of an adequate and independent state procedural rule." *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999).

The Fourth Circuit has explained:

> If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim. *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). A procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1.

*Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits, or (2) that failure to consider the claim on the merits would result in a miscarriage of justice, *i.e.* the conviction of one who is actually innocent.[3] *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Breard*, 134 F.3d at 620. "Cause" consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time." *Id*. (quoting *Murray*, 477 U.S. at 488). Even where a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U S. 298, 314 (1995).

## ANALYSIS

Mr. Rivers raises three claims in the petition filed with this Court. First he alleges that: trial counsel failed to withdraw from the case in a timely manner which adversely impacted his decision to waive counsel and proceed to trial pro se. ECF No. 4 at 8. Next, Rivers claims that prior to his discharge, defense counsel failed to correct the prosecutor regarding the "nature and penalties of [the] criminal charges" or to "negotiate a plea bargain before the expiration date." ECF No. 4 at 9-10. More specifically in support of this claim, Rivers contends that the trial court,

---

[3] Habeas petitioners may use an actual innocence claim to excuse the procedural default of a separate constitutional claim upon which they request habeas relief. *See Murray v. Carrier*, 477 U.S. at 496. "[When] a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id*.; *see also Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003). Petitioners who wish to use a claim of actual innocence as a gateway to raising an otherwise defaulted constitutional claim must demonstrate by a preponderance of the evidence that a reasonable juror could not have convicted the petitioner in light of the new evidence. *See Buckner v. Polk*, 453 F.3d 195, 199-200 (4th Cir. 2006). Rivers has not raised an actual innocence claim.

9

prosecutor, and defense counsel mistakenly believed that Adderall was a narcotic for purposes of sentencing when it was not (ECF No. 4 at 9) and that prior to being discharged counsel failed to advise him that if convicted of a fourth degree sex offense he would be required to register as a sex offender. *Id*. at 9-10. Lastly, Rivers contends he was incompetent to stand trial. ECF No. 4 at 11-12.

**A.      Ground One**

Mr. Rivers's first claim is procedurally defaulted. He argues that because trial counsel delayed in "withdrawing" from the case he was prejudiced in going to trial without an attorney. Essentially, Mr. Rivers claims that defense counsel knew he had a conflict because he was "booked" for two trials on Rivers's trial date and because Mr. Rivers refused to waive his right to a speedy trial, he was forced to discharge his attorney and proceed to trial pro se. ECF No. 4 at 8.

Mr. Rivers has failed to raise this claim in any state court. He did not raise this claim on direct appeal or as a claim of ineffective assistance of counsel during his state post-conviction proceedings and he is now without an avenue to bring this claim in state court. Under Maryland law a criminal defendant with claims demonstrable on the trial record is entitled to one direct appeal to the Court of Special Appeals and one petition for discretionary review to the Court of Appeals. *See generally* Md. Code Ann., Cts. & Jud. Proc. §§ 12-301, 12-307 12-208. A criminal defendant in Maryland is also limited to one post-conviction proceeding, which once resolved may only be opened "in the interest of justice." Md. Code Ann., Crim. Proc. §§ 7-103(a) and 7-104. Maryland case law is clear that it is not in the interest of justice to reopen a state post-conviction proceeding where, as here, a petitioner simply omitted a factual basis for a formal legal claim previously litigated. *State v. Syed*, 463 Md. 60, 101-04 (2019). Rivers has offered no basis for

10

finding "cause" to excuse the procedural default. Federal habeas relief is denied on the first ground asserted.

**B.     Ground Two**

Mr. Rivers's second claim, that counsel failed to properly advise him concerning the penalties he was facing, is in part procedurally defaulted, and otherwise without merit. In this claim Rivers maintains that counsel failed to correct the court and prosecutor regarding the nature and penalties of the criminal charges and also failed to negotiate a plea. ECF No. 4 at 9-10. Rivers contends that the trial court, prosecutor, and defense counsel all mistakenly believed until sentencing that Rivers was subject to a 20 year sentence for each count regarding distribution of Adderall under Md. Code Ann. Crim Law §§ 5-607 and 5-608 because Adderall was classified a narcotic, when it was not. ECF No. 4 at 9. Rivers further alleges that counsel failed to advise him that if he was convicted of the sex offense charge he would be required to register as a sex offender. ECF No. 4 at 9-10.

Rivers's claim that his discharged attorney failed to negotiate a plea is procedurally defaulted. He did not raise this claim in any state court and has failed to provide any basis to excuse the failure.

As to his claim that his discharged attorney erred in understanding and communicating the penalties Rivers faced for distribution of Adderall, that claim is also procedurally defaulted. While Rivers did raise the claim regarding Adderall's non-narcotic classification during the post-conviction proceedings he did not include that claim in either of his applications for leave to appeal (one of which was filed by counsel, the other pro se).[4] Therefore this claim is procedurally defaulted and Rivers has not offered any basis to excuse the default.

---

[4] Rivers did state in his application that the docket entries erroneously showed "him being convicted of distribution of narcotics, as opposed to distribution of non-narcotics" (ECF No. 16-1 at 202) but Rivers did

Rivers' claim that counsel was constitutionally ineffective in failing to advise him that if convicted of the fourth degree sex offense he would have to register as a sex offense, provides no basis for relief.

When a petitioner alleges a claim of ineffective assistance of counsel, he must show that counsel's performance was deficient, and the deficiency prejudiced his defense. *Strickland v. Washinton*, 466 U.S. 668, 687 (1984). With regard to the first prong, the petitioner must demonstrate that his attorney's performance fell "below an objective standard of reasonableness." *Id.* at 688; *see Harrington*, 562 U.S. 86, 104 (2011). The central question is whether "an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington*, 562 U.S. at 88 (quoting *Strickland*, 466 U.S. at 690). The Supreme Court explains that the "first prong sets a high bar." *Buck v. Davis*, ___ U.S. ___, 137 S.Ct. 759, 775 (2017). Notably, a "lawyer has discharged his constitutional responsibility so long as his decisions fall within the wide range of professionally competent assistance." *Id.* (internal quotation and citation omitted). The standard for assessing such competence is "highly deferential" and there is a "strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 669.

Second, to satisfy the "prejudice prong," a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Buck*, 137 S. Ct. at 776. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceedings. *Strickland*, 466 U.S. at 687. A petitioner alleging ineffective assistance of counsel must show that the proceeding was rendered fundamentally unfair by counsel's affirmative omissions or errors. *Id*. Thus, "[a] fair

---

not allege, as he does here, that trial counsel erred in his pretrial advice regarding the penalties Rivers faced for distribution of Adderall.

12

assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. A petitioner is not entitled to post-conviction relief where the record establishes that it is "not reasonably likely that [the alleged error] would have made any difference in light of all the other evidence of guilt." *Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010).

In evaluating whether the petitioner has satisfied the two-pronged test set forth in *Strickland*, a court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697. Nor must a court address both components if one is dispositive. *Jones v. Clarke*, 783 F.3d 987, 991 (4th Cir. 2015). This is because failure to satisfy either prong is fatal to a petitioner's claim. As a result, "there is no reason for a court . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

In denying this claim, the post-conviction court considered both aspects of Rivers' claims regarding the advice he received from his counsel, and found:

> With respect to the claim that Rivers was incorrectly advised as to the maximum penalty, this Court finds the argument unpersuasive. Because a defendant must satisfy both prongs to prevail on an ineffective assistance claim, the order in which they are to be considered by a reviewing court is generally irrelevant. Taking the prejudice prong first, Rivers argues that had the maximum potential penalty been communicated correctly, he would have made a different decision regarding the discharge of counsel. Under the facts of this case, however, that claimed prejudice is simply not plausible. Mr. Rivers was advised, incorrectly it turned out, that each CDS charge carried a potential sentence of twenty years of incarceration when, in fact, the maximum exposure was five years for each count. This mistake served to overstate Mr. Rivers' exposure. Conversely, the alleged lack of advisement of the fifteen-year sex offender registry requirement served to understate the potential consequence. Mr. Rivers' argument would require the Court to accept the proposition that while he felt that proceeding Pro Se was the best course of conduct when exposed to more than sixty years of incarceration, he would have decided to retain counsel if he had known that the maximum penalty was forty-five fewer years

13

of incarceration but included fifteen years as a registered sex offender. This strains credulity.

While this Court is mindful of the significant consequences that derive from registration as a sex offender, it does not find Rivers credible when he argues that he would have acted differently had he been fully aware of the potential penalties. Therefore, there is no reason to believe that this error prejudiced Rivers.

ECF No. 36-3 at 4-5.

The post-conviction court properly stated the *Strickland* standard and determined that Rivers could not satisfy the prejudice prong, finding that there was no reasonable probability that had counsel advised Rivers about the requirement to register as a sex offender Rivers would have reassessed the risk of going to trial without counsel and chose not to discharge counsel. This Court "must presume that the state court's factual findings are correct unless the petitioner rebuts those facts by clear and convincing evidence," and this Court "cannot disturb the state court's ruling simply because it is incorrect; it must also be unreasonable." *Nicolas v. Atty. Gen. of Maryland*, 820 F.3d 124, 129 (4th Cir. 2016); *see also Harrington*, 562 U.S. at 100-01; 28 U.S.C. § 2254(e)(1). Rivers does not meet his burden.

Here, the post-conviction court's determination is supported by the record which demonstrates that Rivers was adamant about going to trial as quickly as possible because the pending charges had upended his life resulting in his being threatened with the loss of his housing and custody of his children. *See e.g.* ECF No. 16-4 at 9-10 (in discussing proceeding to trial pro se Rivers told the court his life was on hold and that he needed to take care of his children); ECF No. 16-13 at 24-26 (testimony by Rivers during post-conviction hearing that his children were in foster care and that he did not have a place to live while he was awaiting trial). Despite the trial court counselling him on several occasions that he likely was not acting in his best interest and that he faced a 60 year term of confinement, he nevertheless discharged his attorney and proceeded

to trial pro se.[5]  No evidence was presented to the post-conviction court or to this Court that had Rivers been advised of the requirement that he register as a sex offender if convicted of the fourth degree sex offense he would have not waived his right to counsel.[6]  The post-conviction court's determination that it was implausible that Rivers would not have discharged his attorney if he was properly advised regarding the sex offender registry and thus he was not prejudiced by the failure to properly advise him is supported by the record, survives scrutiny, and will not be disturbed.

**C.    Ground Three**

Mr. Rivers' third asserted ground is also procedurally defaulted and the merits of the claim may not be reached by this Court absent a showing of cause and prejudice.  He asserts that he was not competent to stand trial and that counsel failed to investigate this issue. Again this issue was not raised on direct appeal nor was it raised as an ineffective assistance of counsel claim within Rivers's post-conviction proceeding.  Rivers has not provided any basis to excuse the failure to raise the claim before the state court and the claim is defaulted.  Additionally, this Court does not find that failing to reach the merits of this claim would result in the miscarriage of justice.  The third asserted ground does not state a viable basis for federal habeas relief.

---

[5] *See e.g.* ECF No. 16-4 at 9-10 (February 13, 2015 pretrial motions hearing transcript) wherein Rivers advised the court that he understood he was facing 60 years and if needed to he would do the 60 years but "God is overseeing the entire situation". The Court advised Rivers that he was facing serious charges and that while he was intelligent, he was not trained in the law and would be disadvantaged proceeding pro se. The court noted Rivers's appointed attorney was very experienced and Rivers seemed to be giving up his right to counsel because he simply wanted to get it over with no matter the risks. *Id.* at 11. The court counselled Rivers against discharging his attorney. *Id.* p. 12. Additionally Rivers was advised that resolution of the trial may not resolve the issues Rivers was concerned about regarding his housing and custody of his children. *Id.* at 14, 16. Rivers indicated that he did not care he wanted to proceed without counsel. *Id*  Rivers was again advised of the charges and penalties on February 20, 2015, and again he elected to proceed to trial pro se.  ECF No. 16-5 at 10. During the status conference held on February 23, 2015, the court again inquired as to Rivers's desire to proceed without counsel and he again elected to do so. ECF No. 16-6.

[6] Rivers was not asked during the post-conviction proceeding and therefore did not testify whether or what he would have done differently if he had been properly advised that if he was convicted of the sex offense he would have to register as a sex offender.  ECF No. 16-13.

## CONCLUSION

Having found that the Petition for Writ of Habeas Corpus does not present a claim upon which federal habeas relief may be awarded, this Court must consider whether a certificate of appealability should issue. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, 137 S.Ct. 759, 773 (2017). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because this Court finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability shall be denied. *See* 28 U.S.C. § 2253(c)(2). Mr. Rivers may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate Order follows.


  3/29/2022                                       /S/
Date                                              Paul W. Grimm
                                                  United States District Judge